**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Moses Isaiah Matthews, | ) | No. CV-14-0062-PHX-JAT (DKD) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Heather Summers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 17) and Defendant's Motion to Strike Plaintiff's Request for Production of Documents (Doc. 22). Plaintiff requests that the court appoint counsel because he lacks legal training, cannot afford counsel, and because the issues in this matter are complex.

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

The Court previously denied Plaintiff's motions (Doc. 11). Plaintiff has failed to demonstrated a likelihood of success on the merits, and has not shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover,

1  Plaintiff's numerous filings with the Court as well as the pending motion, indicate that Plaintiff

2  is capable of presenting legal and factual arguments to the Court.  After reviewing the file, the

3  Court determines that this case does not present exceptional circumstances requiring the

4  appointment of counsel.  Accordingly, the Court will deny Plaintiff's motion.

5        Defendant's Motion to Strike seeks to strike Plaintiff's Request for Production of

6  Documents (Doc. 20).  Plaintiff is advised that discovery requests need not be filed with the

7  Court but rather submitted to opposing counsel with a Notice of Service filed with the Court.

8  Federal Rules of Civil Procedure, Rule 5(d)(1) provides:

9        Any paper after the complaint that is required to be served — together with a
         certificate of service — must be filed within a reasonable time after service.  But
10       disclosures under Rule 26(a)(1) or (2) and the following discovery requests and
         responses must not be filed until they are used in the proceeding or the court
11       orders filing:  depositions, interrogatories, requests for documents or tangible
         things or to permit entry onto land, and requests for admission.

12 *Also see* Rules of Practice of the United States District Court, District of Arizona (Local Rules),

13 LRCiv 5.2:

14       A "Notice of Service" of the disclosures and discovery requests and responses
         listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within
15       a reasonable time after service of such papers.

16 Accordingly, the Court will grant Defendant's motion.

17       **IT IS HEREBY ORDERED** denying Plaintiff's Motion for Appointment of Counsel

18 (Doc. 17).

19       **IT IS FURTHER ORDERED** granting Defendant's Motion to Strike Plaintiff's

20 Request for Production of Documents (Doc. 22).  The Clerk of the Court is ordered to strike

21 Plaintiff's Request for Production of Documents (Doc. 20).

22       DATED this 29th day of July, 2014.

23

24

25  _____
                 David K. Duncan
26            United States Magistrate Judge

27

28                              - 2 -