WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moses Isaiah Matthews,<br><br>  Plaintiff,<br><br>v.<br><br>Heather Summers,<br><br>  Defendant. | No. CV-14-00062-PHX-JAT<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

On October 27, 2015, the Court granted Defendant Heather Summers's motion to bifurcate, (Doc. 52), and set for bench trial the issue of whether Plaintiff Moses Matthews exhausted his available administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2012) (the "PLRA"). On February 18, 2016, the Court presided over the bench trial on the aforementioned issue. The Court hereby finds and concludes the following.

## I.   Legal Standard

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002),

regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id*

## II. Findings of Fact

The Arizona Department of Corrections ("ADOC")[1] provides a grievance procedure to all incarcerated inmates, including Plaintiff. This procedure permits inmates to bring to the attention of ADOC problems or complaints so that they may be investigated, substantiated, and resolved. ADOC procedures require that all grievances be filed within ten work days from the date of the action which caused the complaint. The incident that forms the basis of Plaintiff's claim against Defendant occurred on or about March 22, 2012. ADOC records show that Plaintiff submitted written grievances with respect to the March 22, 2012, incident on September 11, September 25, and December 27, 2012. ADOC records do not show that Plaintiff submitted written grievances on March 30, 2012, or in April 2012.

The Court finds Plaintiff to be a credible witness with respect to the issue of submission of written grievances. Plaintiff testified and the Court accepts as true, that

---

[1] The named defendant in this suit is Heather Summers. For purposes of this Order, the Court focuses on rules and procedures promulgated by ADOC, as well as actions and non-actions by a variety of personnel. For clarity and consistency, the Court refers to all state actors in this Order as "ADOC."

filed a written, informal grievance on or about March 30, 2012. This grievance was not filed by ADOC, and Plaintiff did not receive a response from ADOC.

### III. Analysis and Conclusions of Law

As noted *supra*, the burden lies with Defendant to establish that Plaintiff failed to exhaust available administrative remedies prior to filing suit in federal court. *Albino*, 747 F.3d at 1172. The ADOC Inmate Grievance Procedure in place in March 2012 establishes that an inmate who is unable to resolve a complaint through "informal means"[2] must submit a written "Informal Complaint" to "the Correctional Officer (CO) III in their respective unit . . . within [ten] workdays from the date of the action that caused the complaint." 802.02, § 1.2. (Ex. 124 at 4). It is undisputed that the incident giving rise to Plaintiff's suit occurred on or about March 22, 2012.

On September 11, 2012, Plaintiff submitted a written, informal grievance to CO III Linda Lewis and CO IV "Troug"[3] in an "attempt[] to informally resolve" the issue that occurred on March 22, 2012. (Doc. 8 at 13). That same day, Plaintiff received a written response from CO III Lewis that addressed the substance of his complaint, but not the timeliness of it. (*Id.* at 12). On September 25, 2012, Plaintiff submitted an additional written grievance for the same incident to CO III "S. McCutchen." (*Id.* at 11). On December 27, 2012, Plaintiff submitted yet another written grievance to CO III. McCutchen. (*Id.* at 9-10) This submission was eventually received by the "Director's Office,"[4] and included a note from CO III McCutchen that there was no case number

---

[2] ADOC Procedure 802.02, § 1.1 states that "[i]nmates shall attempt to resolve their complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or the submission of Inmate Letters." (Ex. 124 at 4). ADOC procedures do not make clear whether the "informal" grievance resolution step is mandatory for PLRA compliance. Defendant did not assert this argument at trial, and the Court will not address it further.

[3] The record fails to establish the identify of CO IV Troug. CO IV Rodney Kepney testified at trial. Kepney was assigned to ADOC Barchey—the facility Plaintiff was housed at—in 2012 and handled inmate grievances as part of his professional responsibilities.

[4] An identifying stamp was found on the grievance letter indicating it had been

- 3 -

associated with the grievance "because the inmate never received a response." (*Id.* at 9). The aforementioned grievance letters are the only documentary evidence of Plaintiff's attempt to avail himself of the administrative review process.

The defense contends—and Plaintiff does not contest—that these written grievances of record were not timely filed under the ADOC Inmate Grievance Procedures, which mandate submission of an informal grievance within ten business days. Plaintiff, however, argues that he submitted an informal grievance on March 30, 2012, and a second informal grievance on an unknown date in April 2012. As noted *supra*, the Court finds Plaintiff to be a credible witness on this point. Plaintiff clearly remembered the specific date that he submitted the first informal grievance as the date that he was released from the ADOC medical facility and returned to his cell.[5] The fact that Plaintiff was unable to recall the specific date that he submitted his second written, informal grievance in April—upwards of several weeks after being returned to his cell—is not dispositive. Plaintiff was sincere, clear, and unwavering in his testimony.

Moreover, ADOC was unable to proffer any direct contradictory evidence to contest Plaintiff's testimony. ADOC relies principally on the fact that there are no paper records of Plaintiff's March and April grievances, and that a lack of corroborating paper evidence is tantamount to a lack of credibility. The Court disagrees. At trial, the defense acknowledged that the "inmate grievance" system is extensive and complex. The defense further asserted that ADOC houses nearly 40,000 prisoners at multiple facilities across the state, and that the ADOC Inmate Grievance Procedures include multiple layers of investigation and substantive review. While the defense proffered these facts to demonstrate the importance ADOC places on keeping paper records of grievances,

---

"received" by the office. (Doc. 8 at 9). The portions of the ADOC Order Manual submitted into evidence failed to establish the full title of the "Director." Testimony at trial indicated that the "Director" is the highest authority with respect to inmate grievances.

[5] Given that the underlying incident involving Plaintiff occurred on March 22 and resulted in an eight day stay in an ADOC medical facility, the Court finds Plaintiff's release from the medical facility to be a noteworthy event.

- 4 -

counsel also acknowledged that it is an imperfect system—as all human constructs are—and that on occasion, records may be incomplete or paperwork may be lost or misfiled.

Defendant also sought to attack Plaintiff's credibility, arguing that based on answers provided in Plaintiff's deposition, Plaintiff had not been fully truthful with ADOC investigators regarding the underlying incident. These depositions were not provided to the Court and are not part of the record. (Doc. 57 at 6). Even taking as true Defendant's assertions with respect to the veracity of Plaintiff's statements, the Court is not persuaded by Defendant's attack via an ancillary matter.[6] Defendant did not directly attack Plaintiff's credibility with respect to this issue, and the Court need not reiterate its rationale for finding Plaintiff credible. It is sufficient to note that Defendant's attack was not persuasive.

Finally, at trial, Defendant made the fleeting argument[7] that under ADOC's procedures, to exhaust the available administrative remedies, Plaintiff would need to appeal the "non-response" from the CO III level all the way up the chain to the "Director." But Defendant failed to point to the specific procedure that mandated an appeal, and failed to indicate what time frame an inmate would have to appeal a grievance that was submitted to but not filed by ADOC, or that was submitted but failed to elicit a response from ADOC. The Court is not persuaded.

Given the Court's finding that Plaintiff was a credible witness with respect to the issue of the date that he first filed a written, informal grievance, the Court concludes that Defendant has failed to carry her burden and demonstrate by a preponderance of the evidence that Plaintiff failed to comply with the PLRA, 42 U.S.C. § 1997e(a). Plaintiff complained of an incident that occurred on March 22, 2012. Plaintiff submitted a written

---

[6] To be sure, the underlying incident is the single issue to be ultimately resolved in this matter. But with respect to establishing whether Plaintiff rendered credible testimony on the submission of a timely written grievance, the Court does not find the underlying incident to be paramount.

[7] Defendant acknowledged that the procedures in place when Plaintiff filed his grievance were vague and imprecise. ADOC procedures simply mandate that the CO III "[p]rovide a response to the inmate within [fifteen] work days using the Inmate Letter Response" form. 802.02, § 1.3.2 (Trial Ex. 124 at 5).

grievance on March 30, 2012, to which ADOC did not respond. This initial submission falls within the ten working day timeline established by ADOC Inmate Grievance Procedure 802.02. The Court acknowledges that the PLRA requires exhaustion by the prospective plaintiff. *Porter*, 534 U.S. at 523. But the Court finds that Defendant's failure to promulgate clear and concise procedures regarding the requirement that an inmate timely appeal a "non-response" from ADOC constitutes sufficient evidence to make "the existing and generally available administrative remedies effectively unavailable to [Plaintiff]." Accordingly, the Court concludes that Plaintiff complied with available ADOC rules and procedures, and, consequently, the PLRA. Plaintiff is hereby entitled to a trial on his Eighth Amendment claim against Defendant.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that on the issue of Plaintiff's exhaustion of available administrative remedies, the Court finds in favor of Plaintiff and against Defendant.[8]

**IT IS FURTHER ORDERED** that a jury trial on Plaintiff's Eighth Amendment claim against Defendant shall be held on March 15, 2016, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the Court will resume the portions of the Final Pretrial Conference relating to Plaintiff's Eighth Amendment claim on March 10, 2016, at 2:00 p.m.

Dated this 19th day of February, 2016.

*James A. Teilborg*
Senior United States District Judge

---

[8] The Clerk of the Court shall not enter judgment at this time.