WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moses Isaiah Matthews,<br><br>            Plaintiff,<br><br>v.<br><br>Heather Summers,<br><br>           Defendant. | No. CV-14-00062-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Heather Summers's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(2). (Doc. 75). Defendant's motion follows the Court's February 19, 2016, Order concluding that Defendant had failed to carry her burden under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2012) (the "PLRA"), as she failed to establish that Plaintiff Moses Matthews did not exhaust his available administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014) (en banc). The Court now rules on the pending motion.

**I.**

The Court begins by noting that it finds that Rule 59(a)(2) is not the appropriate procedural vehicle for reconsideration of the February 19 Order. Recalling the Court's October 27, 2015, Order granting Defendant's motion to bifurcate, (Doc. 52), the Ninth Circuit has recently explained that while the "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove,'" *Albino*, 747 F.3d at 1166

(quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)), it is a preliminary matter that the Court is to decide "before reaching the merits of a prisoner's claim." *Id.* at 1170. *Albino* held that the proper mechanism to address a defendant's exhaustion defense is summary judgment.[1] *Id.* But the Ninth Circuit did not hold that a failure to exhaust defense *must* be raised at the summary judgment stage. Rather, the "disputed factual questions relevant to exhaustion should be decided by the judge" at a preliminary hearing, and "consistent with the Federal Rules." *Id.* at 1168, 1170 (noting that "[t]o the extent evidence in the record permits, the appropriate device is a motion for summary judgment under Rule 56").

The Court acknowledges that a bench trial was held on the issue of exhaustion on February 18, 2016, pursuant to Fed. R. Civ. P. 42(b). But the purpose was to address the preliminary matter of Defendant's affirmative defense prior to "reaching the merits of [the] prisoner's claim." *Albino*, 747 F.3d at 1170. Accordingly, the Court finds that the appropriate procedural mechanism for relief available to Defendant is a motion for reconsideration pursuant to L.R.Civ.P. 7.2(g)(1); *see also Motorola*, *Inc. v. J.B. Rodgers Mech. Contractors*, *Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (considering the appropriate standard to apply for motions to reconsider interlocutory orders).

"Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs" or at trial. *Motorola*, *Inc.*, 215 F.R.D. at 582 (citation omitted). Nor should a party file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt*, *Inc. v. Mel Bohannon Roofing*, *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). And "[n]o motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola*, *Inc.*, 215 F.R.D. at 586; *see also* L.R.Civ.P. 7.2(g)(1). The Court ordinarily will deny a "motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts

---

[1] *Albino* thus abandoned the prior practice of raising the failure to exhaust defense under § 1997e(a) pursuant to an "unenumerated Rule 12(b) motion." 747 F.3d at 1166 (citation omitted).

or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ.P. 7.2(g)(1).

**II.**

Defendant urges reconsideration on the grounds that Plaintiff "deprived the defense and the Court" of "both truthful testimony *and* a fair ability to scrutinize assertions of fact in order to achieve justice." (Doc. 75 at 2 (emphasis in original)). In its February 19, 2016, Order, the Court found Plaintiff to be a credible witness with respect to the date in which he first submitted a written, informal grievance. (Doc. 74 at 2-3). The Court based this conclusion, in part, on the finding that Plaintiff was able to tie the date he submitted his grievance to his release from an ADOC medical facility, an event the Court described as "noteworthy." (*Id.* at 4 n.5). The defense asserts that Plaintiff provided false testimony on this issue, as a prison record[2] shows that Plaintiff returned from the medical facility on March 27, 2012—not March 30. (Doc. 75-2 at 2)

The defense argues that although it has "long been" Plaintiff's position "that he first submitted a grievance . . . on March 30, 2012," this position conflicts with Plaintiff's deposition testimony, in which Plaintiff testified that he submitted his first informal grievance "within the first couple weeks of . . . being back from the hospital," and "[m]aybe a week" after the March 22, 2012, incident. (Doc. 75 at 2-3). Based on this testimony, the defense argues that it "had no reason to scrutinize Plaintiff's movements from the hospital or within the prison system as of March 30, 2012." (*Id.*). Thus, the defense was "taken by surprise" upon hearing Plaintiff's testimony at the bench trial. While counsel attempted to "take a few moments to search his records to try and verify" the discrepancy at trial, he could not "conduct such a search without delaying the Court's schedule." (*Id.* at 5). The defense was able to confirm the falsity the following day. (*Id.*).

The Court is not persuaded. Reconsideration of an interlocutory order is

---

[2] The prison record in question has yet to be authenticated. (Doc. 75-2 at 2). The Court, for purposes of this motion, treats it as authentic. Its presence in the record does not impact the Court's conclusion with respect to the pending motion.

appropriate when new facts are brought to the Court's attention "that could not have been brought to its attention earlier with reasonable diligence," L.R.Civ.P. 7.2(g)(1), and where the fact could not have been known by the defense "through reasonable diligence." *Motorola*, *Inc*., 215 F.R.D. at 586. The defense acknowledges in its motion that it had access to—and was aware of—Plaintiff's December 27, 2012, written grievance where Plaintiff claimed that he submitted a grievance on March 30, 2012. (Doc. 75 at 2). The defense further affirms that it questioned Plaintiff on the March 30, 2012, date when Plaintiff was deposed. (*Id.*). The fact that Plaintiff testified at the bench trial as to the specific date that he returned from the ADOC medical facility is not grounds for reconsideration. The defense was capable of impeaching Plaintiff at trial with earlier deposition testimony that he submitted his first written grievance "within the first couple weeks of . . . being back from the hospital." Moreover, the defense knew—well before trial—that Plaintiff tied his initial filing date to March 30, 2012, via the December 27 written grievance. The defense, through reasonable diligence, could have pulled the record that would have provided basis for directly attacking Plaintiff's credibility on the issue, and, in turn, weaken the assertion contained in Plaintiff's December 27, 2012, written grievance.

The prison record at issue is evidence that "could reasonably have been raised earlier in the litigation." *Kona Enters.*, *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). That Defendant "had no reason to scrutinize Plaintiff's movements from the hospital" does not excuse the fact that the evidence could have been readily discovered and brought to the Court's attention earlier with "[r]easonable diligence."[3] *Motorola*,

---

[3] Defendant's motion asks the Court to consider its requested relief pursuant to Rule 59(a)(2). As noted *supra*, the Court finds that the proper procedure for such relief is L.R.Civ.P. 7.2(g)(1). But even assuming that the Court were to consider the pending motion under Rule 59(a)(2) and Defendant's proffered persuasive authority, the Court would reach the same conclusion. Having considered the unauthenticated record attached to Defendant's motion, the Court remains of the mind that it is not "reasonably well satisfied that the testimony given by a material witness [wa]s false." *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 134 (6th Cir. 1990). Moreover, the Court finds that the defense was able to "meet" the false testimony delivered at trial. The

*Inc.*, 215 F.R.D. at 586. Succinctly, Defendant has "not shown material differences in fact or law that were not and could not have been presented to the Court prior to its decision." *Motorola*, *Inc.*, 215 F.R.D. at 586. Nor does Defendant "allege new facts, an intervening change in the law, or that the Court failed to consider facts that were before it." *Id.* Accordingly, Defendant's motion will be denied.

### III.

For the aforementioned reasons,

**IT IS ORDERED** that Defendant's motion for reconsideration, (Doc. 75), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to continue the jury trial, (Doc. 75 at 5), is hereby **DENIED**.

Dated this 23rd day of February, 2016.

James A. Teilborg
Senior United States District Judge

---

defense had access to Plaintiff's prior written grievances and knew that Plaintiff had tied his submission to the specific date of March 30, 2012. And the defense had access to prisoner transportation records that would have both undercut the veracity of certain documentary evidence and could have been used to directly attack Plaintiff's credibility. That the defense was unable to locate the evidence during trial—without requesting even a short recess to search for the evidence—is not sufficient. Thus, even under a Rule 59(a)(2) analysis, the Court would reach the same conclusion.